FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
JUN 0 7 2012
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:10-000211 |
| | ) | |
| | ) | Chief Judge Campbell |
| | ) | |
| v. | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 545 |
| | ) | 18 U.S.C. § 982 |
| | ) | 18 U.S.C. § 1956 |
| [1] BRIAN WAINSTEIN | ) | 18 U.S.C. § 1957 |
| a/k/a BARUCH BEN BENJAMIN | ) | 21 U.S.C. § 333(e)(1) |
| a/k/a BRIAN BENBENJAMIN | ) | 21 U.S.C. § 841(a)(1) |
| a/k/a BEN BENJAMIN | ) | 21 U.S.C. § 846 |
| a/k/a TREVOR THORTON | ) | 21 U.S.C. § 853 |
| a/k/a JOHN MOYLAN | ) | 28 U.S.C. § 2461 |
| | ) | |
| [2] SIOBHAN HATTON | ) | |
| | ) | |
| [3] FIROZ PATEL | ) | |

## SUPERSEDING INDICTMENT

<u>COUNT ONE</u>

THE GRAND JURY CHARGES:

Beginning on a date no later than in or about December 2004, up to and including November 2009, in the Middle District of Tennessee and elsewhere, **BRIAN WAINSTEIN a/k/a BARUCH BEN BENJAMIN a/k/a BRIAN BENBENJAMIN a/k/a TREVOR THORTON a/k/a JOHN MOYLAN** and **SIOBHAN HATTON** did combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally manufacture, possess with intent to distribute, and distribute anabolic steroids, including, among others, Trenbolone Acetate, Trenbolone Enanthate, and

1

Testosterone Cypionate, which are Schedule III controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

Beginning on a date no later than in or about December 2004, up to and including November 2009, in the Middle District of Tennessee and elsewhere, **BRIAN WAINSTEIN a/k/a BARUCH BEN BENJAMIN a/k/a BRIAN BENBENJAMIN a/k/a TREVOR THORTON a/k/a JOHN MOYLAN** and **SIOBHAN HATTON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly distribute and possess with intent to distribute Human Growth Hormone for uses in humans other than the treatment of a disease or other recognized medical condition, where such use had been authorized by the Secretary of Health and Human Services, and not pursuant to the order of a physician.

All in violation of Title 21, United States Code, Section 333(e)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

Beginning on a date no later than in or about December 2004, up to and including November 2009, in the Middle District of Tennessee and elsewhere, **BRIAN WAINSTEIN a/k/a BARUCH BEN BENJAMIN a/k/a BRIAN BENBENJAMIN a/k/a TREVOR THORTON a/k/a JOHN MOYLAN** and **SIOBHAN HATTON**, aided and abetted by others known and unknown to the Grand Jury did fraudulently and knowingly import or bring into the

United States any merchandise contrary to law, to wit, Human Growth Hormone and misbranded drugs, and did receive, conceal, sell, and facilitated the transportation of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to Title 21, United States Code, Section 331(a) (prohibiting the introduction into interstate commerce of misbranded drugs, in violation of Title 21, U.S.C., Section 352(f)) and Section 333(e) (prohibiting the distribution of Human Growth Hormone for uses other than the treatment of a disease or recognized medical conditions that have been authorized by the Secretary of Health and Human Services, and not pursuant to the order of a physician).

In violation of Title 18, United States Code, Sections 2 and 545.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

Beginning on a date no later than in or about December 2004, up to and including November 2009, in the Middle District of Tennessee and elsewhere, **BRIAN WAINSTEIN a/k/a BARUCH BEN BENJAMIN a/k/a BRIAN BENBENJAMIN a/k/a TREVOR THORTON a/k/a JOHN MOYLAN, SIOBHAN HATTON,** and **FIROZ PATEL** did combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit the following offenses against the laws of the United States:

    A. Knowingly conducting and attempting to conduct financial transactions which involved the proceeds of a specified unlawful activity, to wit, feloniously importing, selling, receiving, concealing, buying, and otherwise dealing in a controlled substance and smuggling goods into the United States, punishable under any law of the United States, with the intent to promote the carrying on of the specified unlawful activity, knowing that the funds involved in the

3

financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

B. Knowingly conducting and attempting to conduct financial transactions which involved the proceeds of a specified unlawful activity, to wit, feloniously importing, selling, receiving, concealing, buying, and otherwise dealing in a controlled substance and smuggling goods into the United States, punishable under any law of the United States, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity, knowing that the funds involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

C. Transporting, transmitting, and transferring funds and attempting to transport, transmit and transfer funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is feloniously importing, selling, receiving, concealing, buying, and otherwise dealing in a controlled substance and smuggling goods into the United States, punishable under any law of the United States in violation of Title 18, United States Code, Section 1956 (a)(2)(A);

D. Transporting, transmitting, and transferring funds and attempting to transport, transmit and transfer funds from a place in the United States to and through a place outside the United States knowing that the funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, knowing that such transportation, transmission, and transfer were designed in whole or in part to conceal and disguise the nature, source, ownership, and control of said funds which were the proceeds of a specified unlawful

4

activity, that is feloniously importing, selling, receiving, concealing, buying, and otherwise dealing in a controlled substance and smuggling goods into the United States, punishable under any law of the United States in violation of Title 18, United States Code, Section 1956 (a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES:

Beginning on a date no later than in or about December 2004, up to and including November 2009, in the Middle District of Tennessee and elsewhere, **BRIAN WAINSTEIN a/k/a BARUCH BEN BENJAMIN a/k/a BRIAN BENBENJAMIN a/k/a TREVOR THORTON a/k/a JOHN MOYLAN, SIOBHAN HATTON,** and **FIROZ PATEL** did combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, that the property was derived from a specified unlawful activity, to wit: conspiring to manufacture, possess with the intent to distribute, and distribute a controlled substance and smuggling goods into the United States, in violation of Title 18, United States Code, Section 1957(a).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

THE GRAND JURY FURTHER CHARGES:

Upon conviction of one of more of the offenses alleged in Counts One, Two, and Three of this indictment, **BRIAN WAINSTEIN a/k/a BARUCH BEN BENJAMIN a/k/a BRIAN BENBENJAMIN a/k/a TREVOR THORTON a/k/a JOHN MOYLAN** and **SIOBHAN HATTON**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said violation and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation. The property to be forfeited include but is not limited to the following:

A money judgment in the amount of $8,600,000 in United States currency representing the amount of gross drug proceeds obtained as a result of such offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third person;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as

being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

THE GRAND JURY FURTHER CHARGES:

Upon conviction of one of more of the offenses alleged in Counts Four and Five of this indictment, **BRIAN WAINSTEIN** a/k/a **BARUCH BEN BENJAMIN** a/k/a **BRIAN BENBENJAMIN** a/k/a **TREVOR THORTON** a/k/a **JOHN MOYLAN, SIOBHAN HATTON**, and **FIROZ PATEL** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property constituting or derived from proceeds obtained, directly or indirectly, as a result of the said violation and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation. The property to be forfeited include but is not limited to the following:

A money judgment in the amount of $8,600,000 in United States currency representing the amount of gross drug proceeds laundered as a result of such offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      1. cannot be located upon the exercise of due diligence;

      2. has been transferred or sold to, or deposited with, a third person;

      3. has been placed beyond the jurisdiction of the Court;

      4. has been substantially diminished in value; or

      5. has been commingled with other property which cannot be subdivided without difficulty;

7

Case 3:10-cr-00211   Document 15   Filed 06/07/12   Page 7 of 8 PageID #: 42

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982.

A TRUE BILL

███████████████████
FOREPERSON

/s/ Jerry E. Martin
JERRY E. MARTIN
UNITED STATES ATTORNEY

/s/ Brent A. Hannafan
BRENT A. HANNAFAN
ASSISTANT UNITED STATES ATTORNEY